UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATIE LYNN PACHOLCZAK,

                 Plaintiff,

   -vs-                     **No. 1:16-CV-00907 (MAT)**
                                     **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                 Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Katie Lynn Pacholczak ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security[1] (the "Commissioner" or "Defendant") denying her application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

**II. Procedural History**

Plaintiff protectively filed an application for DIB on January 30, 2013, alleging disability as of September 4, 2011 due to shoulder injury, bulging and herniated discs, and Schmorl's nodes. Administrative Transcript ("T.") 141-47, 163. Plaintiff's application was initially denied. T. 96-99. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") William M. Weir on September 29, 2014. T. 30-86. On March 19, 2015, the ALJ issued an unfavorable decision. T. 12-20. On September 6, 2016, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. T. 1-5. This action followed.

**III. The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920. Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on June 1, 2014. T. 14. At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date through the date last insured. *Id*.

At step two, the ALJ found that Plaintiff suffered from the severe impairments of left shoulder impingement with a type II labral tear status post arthroscopy and type II SLAP repair; displacement of thoracic intervertebral discs without myelopathy;

displacement of lumbar intervertebral discs without myelopathy; and cervicalgia. T. 15. The ALJ further found that Plaintiff suffered from the non-severe impairments of obesity status post gastric sleeve surgery and status post umbilical hernia repair. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. *Id.* The ALJ particularly considered Listings 1.02B and 1.04A, B, and C in reaching this determination. *Id.*

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations: can lift and carry up to 20 pounds with the right upper extremity and up to 10 pounds with the left upper extremity; cannot engage in overhead reaching with the left upper extremity. T. 15-18.

At step four, the ALJ found that, through the date last insured, Plaintiff was capable of performing her past relevant work as a teacher's aide and retail manager. T. 18. In the alternative, at step five, the ALJ relied on the testimony of a vocational expert to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could have performed through the date last insured, including usher/attendant and cashier. T. 19. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. T. 19-20.

**IV. Discussion**

   **A. Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff contends that remand of this matter for further proceedings is required because (1) the ALJ failed to appropriately assess Plaintiff's credibility; (2) the ALJ failed to consider and weigh the opinion of treating chiropractor Dr. Thomas J. Taylor, in violation of Social Security Ruling ("SSR") 06-3p; and (3) the ALJ improperly interpreted the opinion of consultative

4

examiner Dr. Donna Miller.  For the reasons set forth below, the Court finds that remand of this matter for further administrative proceedings is necessary.

**B.    Consideration of Plaintiff's Credibility**

Plaintiff's first argument is that the ALJ improperly assessed her credibility. Specifically, Plaintiff contends that the ALJ improperly rejected her subjective complaints solely because, in his opinion, they were inconsistent with the objective medical evidence.  The Court agrees with Plaintiff that the ALJ failed to adequately explain his reasons for finding Plaintiff less than fully credible.

While the ALJ "is required to take the claimant's reports of pain and other limitations into account," *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010)(citations omitted), he "is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Id.* (citation omitted). If the claimant's testimony concerning the intensity, persistence or functional limitations associated with her pain is not fully supported by clinical evidence, then the ALJ must consider additional factors in order to assess that testimony, including: 1) daily activities; 2) location, duration, frequency and intensity of any symptoms; 3) precipitating and aggravating factors; 4) type, dosage, effectiveness and side effects of any medications taken; 5) other treatment received; and 6) other measures taken to relieve symptoms.  20   C.F.R.

5

§ 416.929(c)(3)(i)-(vi). The ALJ must explain his credibility finding "explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether his determination is supported by substantial evidence." *Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987) (citing, *inter alia*, *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1045 (2d Cir. 1984)).

In this case, the ALJ's analysis of Plaintiff's credibility consisted of the following statement:

> The claimant's testimony concerning sitting/ standing/walking limitations is inconsistent with the diagnostic evidence and other medical evidence of record, including Dr. Gibbons' records. Otherwise, I found the claimant to be very credible.

T. 18. This cursory statement by the ALJ does not comply with the requirement that a credibility finding be stated "with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Bowen*, 666 F. Supp. at 608. The ALJ's reference to the diagnostic evidence of record without further elaboration does not support his conclusion. To the contrary, the MRIs of Plaintiff's spine taken on January 9, 2013 showed significant findings: the MRI of Plaintiff's cervical spine showed concentric bulging at C4-5 and C5-6 without evidence of cervical disc herniation, cervical spinal stenosis, or cervical cord compression; the MRI of Plaintiff's thoracic spine showed right paracentral T7-8 disc herniation indenting the anterior aspect of the thoracic cord, and Schmorl's nodes involving the

6

T7-T11 vertebral bodies; and the MRI of Plaintiff's lumbar spine showed left paracentral subligamentous L5-S1 disc herniation and Schmorl's nodes involving L1-L4." T. 305-306. The Court is unable to discern from the ALJ's decision how he concluded that these imaging results were inconsistent with Plaintiff's testimony regarding her ability to sit, stand, and walk. The ALJ's reference to Dr. Gibbons' records is similarly vague and inconclusive. Dr. Gibbons, a neurosurgeon who saw Plaintiff on three occasions, did not offer any analysis of Plaintiff's capacity to work. Moreover, his records confirm that Plaintiff was suffering from "discomfort through her thoracic spine and certainly with her disk [sic] at T7-8." T. 369. Without further elaboration, it is unclear to the Court what, precisely, in Dr. Gibbons' records the ALJ was relying on in assessing Plaintiff's credibility.

Moreover, it was not sufficient for the ALJ to note that, in his opinion, Plaintiff's subjective's complaints were inconsistent with the objective medical evidence of record. Indeed, it is precisely when "the objective medical evidence alone does not substantiate the claimant's alleged symptoms," *Phelps v. Colvin*, 20 F. Supp. 3d 392, 403 (W.D.N.Y. 2014), that the ALJ's obligation to assess the claimant's credibility using the factors identified in 20 C.F.R. § 416.929(c)(3)(i)-(vi) is triggered.

The ALJ's failure to properly set forth the basis for his credibility finding regarding Plaintiff's limitations in sitting, standing, and walking is particularly troubling here, where the ALJ acknowledged that Plaintiff was generally credible. An ALJ may not

7

find a claimant generally credible and then simply discount certain portions of her testimony without setting forth with specificity the factors that led him to reject those specific statements.

For the foregoing reasons, the Court concludes that the ALJ committed legal error in his consideration of Plaintiff's testimony. As set forth above, the ALJ did not comply with the requirements of 20 C.F.R. § 416.929(c)(3)(i)-(vi) in making his credibility determination, and his decision does not set forth his reasoning with sufficient detail to permit meaningful review by this Court. This error was not harmless, because Plaintiff's testimony that she was only able to stand for 45 minutes and sit for 20 minutes (*see* T. 75) is inconsistent with the ALJ's RFC finding. As such, the Court finds that remand for additional proceedings is warranted. On remand, the ALJ shall properly consider Plaintiff's subjective complaints in accordance with the applicable regulations and standards and shall provide a full explanation for his conclusions regarding Plaintiff's credibility.

### C. Consideration of Dr. Taylor's Opinion

Plaintiff also argues that the ALJ erred in failing to consider or even mention the opinion of her treating chiropractor, Dr. Taylor. Again, the Court agrees.

Under the Commissioner's regulations, a chiropractor is not considered an acceptable medical source, and his opinion is therefore not considered a "medical opinion." *Diaz v. Shalala*, 59 F.3d 307, 313. However, that does not mean that an ALJ is free to ignore the opinion of a treating chiropractor. Instead,

chiropractors are considered "other sources," and the ALJ must consider "how long the source has known plaintiff and frequency of treatment, (ii) how consistent the opinion is with other evidence; (iii) the degree to which the source presents relevant evidence to support an opinion; (iv) how well the source explains the opinion; (v) whether the source has a specialty or area of expertise related to the individual's impairment; and (vi) any other factors that tend to support of refute the opinion" in determining how much weight to afford a chiropractor's opinion. *Losquadro v. Astrue*, No. 11-CV-1798 JFB, 2012 WL 4342069, at *15 (E.D.N.Y. Sept. 21, 2012).

In this case, Dr. Taylor opined that Plaintiff was "totally disabled (100%)" and that she needed to avoid "prolonged sitting/standing/flexion/extension" and lifting more than five pounds. T. 667. The ALJ's decision is devoid of any mention of Dr. Taylor's opinion. The ALJ's failure to consider and weigh Dr. Taylor's opinion constituted legal error.

The Commissioner contends that the ALJ was not required to consider Dr. Taylor's opinion because it "could have no effect on the outcome of the case." Docket No. 10-1 at 14. The Commissioner's argument is based, however, on the faulty premise that Dr. Taylor's opinion that Plaintiff was limited in lifting greater than five pounds was inconsistent with Plaintiff's hearing testimony. In support of this argument, the Commissioner cites only one portion of Plaintiff's testimony, where she estimated that she was unable to lift more than a gallon of milk. *See id.* at 15

9

(citing T. 49). This single statement by Plaintiff is insufficient to render her treating chiropractor's opinion irrelevant. While a gallon of milk may weigh slightly more than five pounds, Plaintiff's lay estimation of her capacity is essentially consistent with Dr. Taylor's opinion that Plaintiff's ability to lift objects was severely limited. The Court is not persuaded that there is no possibility that Dr. Taylor's opinion, if credited by the ALJ, would have changed his conclusions regarding Plaintiff's RFC.

### D. Improper Interpretation of Dr. Miller's Opinion

Plaintiff's final argument is that the ALJ improperly interpreted the opinion of consultative examiner Dr. Miller. Plaintiff is correct. Dr. Miller opined that Plaintiff had a "mild to moderate limitation with heavy lifting, bending, carrying, reaching pushing, and pulling." T. 362. Nothing in Dr. Miller's opinion suggests that these limitations related only to Plaintiff's left side, yet, seemingly based solely on his own surmise, the ALJ concluded that "Dr. Miller should have specified that the restrictions for carrying, reaching, pushing[,] and pulling were limited to the claimant's upper left extremity." T. 17. It was not proper for the ALJ to insert this limitation into Dr. Miller's opinion where nothing therein suggested that Dr. Miller intended to limit her opinion in that fashion.

The Commissioner does not argue that the ALJ's insertion of this additional limitation into Dr. Miller's opinion was not error, but instead contends that the error was harmless, because

10

Dr. Miller's opinion was still consistent with the ALJ's RFC finding. However, having already determined that this matter requires remand, the Court need not reach the issue of whether the ALJ's error in interpreting Dr. Miller's opinion would, standing alone, warrant remand. Accordingly, on remand, the ALJ is instructed to properly consider all the medical opinions of record, in accordance with the applicable regulations and consistent with their own terms.

**V. Conclusion**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 7) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. In light of the fact that Plaintiff's application was initially filed in January 2013 (more than five years ago), on remand, the administrative proceedings shall be conducted on an expedited basis, to be completed no later than December 31, 2018. The Commissioner's motion for judgment on the pleadings (Docket No. 10) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated: March 21, 2018
Rochester, New York.